IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00177-BNB

ANDRE J. TWITTY,

    Applicant,

v.

R. WILEY,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 26 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the motion titled "Motion to Alter or Amend Judgment Rendered on 26 April 2006, Pursuant to Rule 59(e) Federal Rules of Civil Procedure Along with Rule 10(c) Fed. R. Civ. P. in Accordance With an 'Abuse of Discretion.' In Light of Petitioner's Clear Showing of 'Actual Innocence,' Brief in Support" submitted *pro se* by Applicant Andrew J. Twitty and filed with the Court on May 5, 2006. Mr. Twitty seeks reconsideration of the order and judgment entered on April 26, 2006, denying his amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). Mr. Twitty is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.

On May 3, 2005, the Court entered an amended order and judgment of dismissal in this action, which noted that the April 26, 2006, order and judgment did not take into consideration either the motion Mr. Twitty submitted on April 25, 2006, to amend the

amended habeas corpus application or the amendment to the amended application. The Court granted the April 25 motion, noted that nothing in the April 25 amendment to the amended application changed the Court's decision in the April 26 order and judgment of dismissal, again denied the application, and again dismissed the action. The motion Mr. Twitty submitted to the Court on May 5, 2006, will be treated as seeking reconsideration of both the April 26 and May 3 orders and judgments.

The Court must construe the motion to reconsider liberally because Mr. Twitty is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the liberally construed motion to reconsider will be denied.

The Court denied the amended application and dismissed the action because Mr. Twitty has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 (2005) in the United States District Court for the Northern District of Georgia. The reasons for the dismissal are explained in greater detail in the April 26 and May 3, 2006, orders.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van*

*Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The April 26, 2006, order denied the amended application, dismissed the action, and entered judgment in favor of Respondents and against Applicant. The May 3, 2006, order did the same after considering the amendment to the amended application. The instant motion was filed on May 5, 2006. Applicant has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244.

Upon consideration of the entire file, the Court finds and concludes that Mr. Twitty fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Alter or Amend Judgment Rendered on 26 April 2006, Pursuant to Rule 59(e) Federal Rules of Civil Procedure Along with

Rule 10(c) Fed. R. Civ. P. in Accordance With an 'Abuse of Discretion.' In Light of Petitioner's Clear Showing of 'Actual Innocence,' Brief in Support" submitted *pro se* by Applicant Andrew J. Twitty and filed with the Court on May 5, 2006, and which the Court has construed liberally as filed pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 25 day of _____May_____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00177-BNB

Andre Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  5-26-06

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk